IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHENITA HOLMAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PATRICK HOVELSON and )<br>STEVENS TRANSPORT, INC., )<br>)<br>Defendants. ) | Cause No.   1:20-cv-1440 |

## NOTICE OF REMOVAL

Defendants, Patrick Hovelson and Stevens Transport, Inc. (collectively, "Stevens Defendants"), by counsel, hereby provides notice of removal of this action pursuant to the provisions of 28 U.S.C. § 1332 and § 1446, from the Circuit Court of Shelby County, Indiana, to the United States District Court for the Southern District of Indiana, Indianapolis Division, and respectfully state:

## Background

1. On April 13, 2020, Plaintiff filed her Complaint for Damages in the Circuit Court of Shelby County, Indiana, under Cause No. 73C01-2004-CT-000010. (Plaintiff's Complaint)

2. Plaintiff's Complaint for Damages alleges she was involved in a commercial motor vehicle accident with Patrick Hovelson and during same alleges to have sustained:

> Severe and permanent bodily injury; has incurred and will continue to incur medical bills and expenses; has suffered and will continue to suffer pain, suffering mental anguish and inconvenience; has incurred lost wages and will continue to lose wages; and has incurred a permanent impairment of her power to labor and earn money.

(*See* Complaint, ¶13.)

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 94(b)(1) and 1441(a), because the United States District Court for the Southern District of Indiana, Indianapolis Division, is the federal judicial district and division embracing the Circuit Court of Shelby County, Indiana, where this action was originally filed.

4. By filing a Notice of Removal in this matter, Stevens Defendants do not waive their rights to object to service of process, the sufficiency of process, jurisdiction over the person, or venue, and Stevens Defendants specifically reserve the right to assert any defenses and/or objections to which they may be entitled.

5. As discussed below, this Court has original jurisdiction under 28 U.S.C. § 1332 and this case is removable under 28 U.S.C. § 1446(b)(3).

## Removal is Timely

6. 28 U.S.C. § 1446(b) provides the following time limitation on removal of civil actions:

> The notice of removal of a civil action or proceeding shall be filed **within 30 days** after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

(Emphasis added).

7. Stevens Transportation, Inc. first received a copy of the Complaint for Damages on or about April 30, 2020. Defendant Patrick Hovelson has not yet been served.

8. Because Stevens Defendants are filing this Notice on May 19, 2020, within thirty (30) days after Stevens Transport, Inc. received a copy of the Complaint, removal is timely.

## Complete Diversity of Citizenship Exists Among the Parties

9. Plaintiff, Chenita Homan, is a citizen of the State of Indiana.

10. Patrick Hovelson is a citizen of the state of North Carolina.

11. Stevens Transportation, Inc. is a Texas Corporation with a principal place of business in Texas. As such, it is a citizen of the state of Texas.

12. Thus, the controversy in said action is entirely between citizens of different states of the United States, and Stevens Defendants desire to remove said cause from the Circuit Court of Shelby County, Indiana, to the United States District Court, Southern District of Indiana pursuant to 28 U.S.C. 1332(a)(1) and 1441(a).

## The Amount In Controversy Requirement is Satisfied

13. The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied. Under 28 U.S.C. § 1332(a), the amount in controversy in a case where federal jurisdiction is based on diversity of citizenship must exceed $75,000, exclusive of interest and costs. Where, as here, the complaint does not specify the amount in controversy, the removing Defendant must show a reasonable probability that the jurisdictional minimum has been met. Malinowski v. Walgreen Co., NO. 2:08-CV-173 RM, 2008 WL 2704740, at *3 (N.D. Ind. July 3, 2008). "[A] good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." Id. (quoting Oshana v. Coca-Cola Co., 472 F.3d 506, 511 (7th Cir. 2006)).

14. In an email correspondence dated May 8, 2020, Plaintiff's counsel confirmed the amount in controversy in this case exceeds $75,000 (a true and accurate copy of such correspondence is attached hereto as Exhibit A.)

15. Because both of the requirements for federal diversity jurisdiction are satisfied, this case is removable by Stevens Defendants.

## Removal is Appropriate

16. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship among the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Accordingly, removal is appropriate pursuant to 28 U.S.C. §§ 1441 and 1446.

17. Stevens Defendants have attached as Exhibit "B" to this Notice of Removal, to the extent existing, copies of the state court docket sheet, all pleadings, motions, orders, and all other filings, organized in chronological order by the state court filing, as required under 28 U.S.C. §§ 1441, 1446.

18. Attached hereto as Exhibit "C" is a copy of Plaintiff's Complaint.

19. This Notice of Removal is being served upon Plaintiff and contemporaneously filed with the Clerk of Circuit Court of Shelby County, Indiana. Copies of the Notice of Filing Notice of Removal, together with the Notice of Removal are being served upon Plaintiff pursuant to 28 U.S.C. § 1446(b).

20. The filing fee of $400.00 has been paid to the Clerk of the United States District Court at the time of filing the Notice of Removal.

21. A copy of Stevens Defendants' Notice to Plaintiffs and Clerk of the Circuit Court of Shelby County of Defendants' Application to Remove Cause to Federal Court is attached hereto as Exhibit "D."

KIGHTLINGER & GRAY, LLP

By: */s/Erin A. Clancy*_____
Erin A. Clancy, I.D. No. 21962-49
*Attorney for Stevens Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 19, 2020, the foregoing was filed electronically. Service of this filing will be made on all registered counsel by operation of the Shelby County Circuit Court's electronic filing system.

Kaitlin T. Coons - kaitlin@isaacsandisaacs.com
Carolyn C. Ely - ely@isaacsandisaacs.com
ISAACS & ISAACS, PSC
1601 Business Center Court
Louisville, KY 40299
*Attorney for Plaintiff*

*/s/Erin A. Clancy*_____
Erin A. Clancy

KIGHTLINGER & GRAY, LLP
One Indiana Square, Suite 300
211 N. Pennsylvania Street
Indianapolis, IN 46204
(317) 638-4521
Eclancy@k-glaw.com

181135\60205812-1